UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAD YOHANAN,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No.: 3: 13-cv-00950-L-DHB<br><br>**ORDER GRANTING MOTION FOR RETURN OF PROPERTY [Doc. #1.]** |

On April 22, 2013, movant Saad Yohanan filed this action against the United States of America, seeking the return of property seized pursuant to a search warrant. The government filed an opposition to the motion on May 22, 2013. [Doc. # 13.] Plaintiff filed a reply on May 31, 2013. [Doc. # 18.]

**1.    Background**

On July 19, 2012, agents for the Federal Bureau of Investigation executed a search warrant at Plaintiff's place of business, J&M Distributors, a warehouse located in El Cajon, California. Plaintiff kept the company's merchandise, infant formula products intended for resale, at this location. The government seized thousands of cans of infant formula pursuant to the search warrant signed in the Southern District of California. Following the warrant's execution, agents arrested Plaintiff and charged him with organized retail theft and interstate

transportation of stolen infant formula in the Central District of California.[1] The indictment charges that Yohanan bought over a half a million dollars worth of infant formula, or over 7,000 cases from undercover FBI agents, believing them to have been stolen, in order to resell them for a profit. The criminal trial is set for September 10, 2013.

Plaintiff brought a similar motion for a return of the seized property in the Central District of California on July 30, 2012, but later withdrew the motion on September 14, 2012. (Def Opp'n. Ex. B: 74, 107.) On October 8, 2012, Plaintiff filed another motion for return of property, which was dismissed on October 23, 2012, on the basis that it was not properly filed in the district where the property was seized. (*Id.*; 109.) The court did not rule on the Rule 41 motion, but instead ordered the parties to meet and confer about the timing and progress of the government's voluntary return of property. The formula, Enfamil, is made by Mead Johnson Nutrition. Enfamil is typically shipped, stored and maintained in cases, which consist of six cans of formula wrapped in shrink wrap. (*Id.*) These cases are placed on cardboard trays, which are printed with the Mead Johnson label, lot number, date and location of manufacture. This information matches the information printed on the cans. Each tray is stacked on pallets, containing approximately 160 trays or 960 cans. (*Id.*) The pallets are then wrapped in plastic and shipped to authorized wholesalers or retailers. The government has voluntarily returned to Plaintiff approximately thirteen wrapped pallets of Enfamil, but has retained about five and a half pallets of formula. (*Id.* at 3.) The remaining formula is either loose, or potentially labeled as the property of another store or entity, according to the government. (*Id.*)

///
///
///
///
///
///

---

[1] *United States v. Yohanan, et. al.*, Cr. 12-667-ABC (C.D. Cal. 2012).

**2.     Rule 41(g) Legal Standard**

Rule 41(g) of the Federal Rules of Criminal Procedure provides that:

> " A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . If [the court] grants the motion, [it] must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

FED. R. CRIM. PROC. 41(g).

"Generally, a Rule 41[(g)] motion is properly denied if the defendant is not entitled to a lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Tabatabai*, Nos. CR 05-00744 MMM, CV 11-00035 MMM, 2013 WL 2040428 at *2 (C.D. Cal. May 14, 2013) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)). If "'a motion for property is made while a criminal investigation is pending, the burden is on the movant to show that he is entitled to the property.'" *Tabatabai*, 2013 WL 2040428 at *2 (quoting *United States v. Gotti*, 244 F. Supp. 2d 120 (E.D.N.Y. 2003)). But "[a] criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence" and the government has no other "legitimate reason to retain [it]." *Mills*, 991 F.2d at 612.

"Thus, if the government no longer needs the property for evidentiary purposes, it has the burden of showing 'that it has [another] legitimate reason to retain the property.'" *Tabatabai*, 2013 WL 2040428 at *2 (quoting *Mills*, 991 F.2d at 612). *See also United States v. Harrell*, 530 F3d 1051, 1057 (9th Cir. 2008) ("[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation, the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate interest to retain the property . . .").

Furthermore, "a Rule 41(e) motion may be granted after trial 'regardless and independently of the validity or invalidity of the underlying search and seizure.'" *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991) (quoting *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C. Cir. 1976)).

### 3. Discussion

The government, by voluntarily returning a large portion of the infant formula it seized, has acknowledged that the property is not needed as evidence in the pending criminal case in the Central District of California. (Opp. at 3.) Further, movant has shown that he purchased all the seized products from authorized manufacturers, dealers and brokers, or on the secondary market. Accordingly, the government has the burden of showing a legitimate reason why it should retain the property. The government has suggested multiple theories for the retention of the property, including; (1) that Plaintiff has not met his burden to show that he is entitled to lawful possession of the property, (2) the formula may provide evidence of crimes outside of the indictment, (3) the formula was taken pursuant to a search warrant, and (4) the sources that supplied Plaintiff with the formula are suspicious enough to defeat Plaintiff's claim that he is entitled to the property.

As mentioned, Plaintiff has satisfied his burden by demonstrating that the property in question is not linked to his pending criminal case and that he has lawful possession of the remaining formula. The government, therefore, cannot argue that Plaintiff has to satisfy his burden to show that he is entitled to the return of the property. *See United States v. Fitzen*, 80 F.3d 387 (9th Cir. 1996).

Secondly, the government argues that the formula may be important evidence of crimes outside of the indictment. While the role of the property as evidence can be a legitimate interest to justify retaining the property, the government has not issued an indictment relating to the formula Plaintiff is seeking to recover. *See Van Cauwenberghe*, 934 F.2d at 1060-61. The government has also not met its burden to show that the property is still involved in the present indictment, instead arguing that the property may be used as evidence in a future indictment. This argument is speculative and unsupported by any evidentiary material. If the government believes the formula seized from Plaintiff was stolen or illegally obtained, it may bring additional charges against him. For the present action, however, stating that the formula may be important in hypothetical actions is insufficient to show a legitimate interest to retain the property.

As also noted above, "[a] defendant's Rule 41(e) motion for return of property . . . may be denied if . . . the property is contraband or subject to forfeiture . . ." *Van Cauwenberghe*, 934 F.2d at 1060-61 (internal citations omitted). Although it does not use the exact word, it appears the government is attempting to show that the retained formula is contraband by alleging that Plaintiff's formula suppliers are suspicious. Yet again, the government has not made a credible showing that Plaintiff's suppliers are likely to have stolen the remaining formula so that the property should be retained as contraband. If the formula is indeed stolen property, then the government can bring charges against Plaintiff or his suppliers or both and retain the formula as evidence or contraband.

The government previously argued that returning the property would constitute a threat to the health and safety of the public. The government now argues in a footnote that there is no evidence that the formula has been properly packaged or shipped to ensure the health and safety of the public. Simply suggesting that the expiration dates may have been changed on the cans is insufficient to show that they will be a danger to public health. Plaintiff maintains that he is not requesting the formula that has been opened or tampered with in such a way as to make it unfit for sale, thus negating the government's vague argument that the formula may pose a threat to health and safety. Therefore, government has failed to present a legitimate interest to justify retaining the formula.

**4.     Conclusion and Order**

Based on the foregoing, **IT IS HEREBY ORDERED GRANTING** the motion for the return of requested property. The government shall return the remaining infant formula to Plaintiff or his representative on or before July 11, 2013.

**IT IS SO ORDERED.**

DATED: June 27, 2013

M. James Lorenz
United States District Court Judge

///

///

1  COPY TO:

2  HON. DAVID H. BARTICK
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL